**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| CONNIE LOMBARDO and ) | |
| STEPHEN R. MYRON, M.D. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:99-CV-95-TS |
| ) | |
| JOHN LOMBARDO, JOHN DOE, and ) | |
| JANE DOE, ) | |
|     Defendants. ) | |
| _____) | |
| ) | |
| CONNIE LOMBARDO and ) | |
| STEPHEN R. MYRON, M.D. ) | |
|     Plaintiffs, ) | |
| ) | CAUSE NO.: 1:00-CV-14-TS |
| v. ) | |
| ) | |
| ROBERT G. FORBES and ) | |
| FORCUM & FORBES, L.L.P., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

**BACKGROUND**

The Plaintiffs, Connie Myron[1] and Stephen R. Myron sued Defendant Lombardo, among other things, for illegal interception, disclosure, and use of their private telephone conversations (18 U.S.C. § 2511(a), (c) &(d)). They also sued his divorce attorney, Robert G. Forbes, and his law firm, Forcum and Forbes, L.L.P., for disclosure and use of their telephone conversations. After a bench trial, the Court found that the Plaintiffs were each entitled to recover $10,000 from Lombardo as statutory damages under § 2511(a) for illegally intercepting their telephone conversations. The Court

---

[1] At the time this lawsuit was filed, Connie's last name was Lombardo. Since then, she married her coplaintiff whose last name she assumed. Accordingly, the Court refers to her by her new name.

also found that neither Lombardo nor the other two defendants were liable under § 2511(c) & (d).

On September 20, 2004, the Plaintiffs moved for an award of attorney's fees. On October 25, 2004, they submitted in support of their motion an affidavit from their counsel, David A. Gunter, and his fee bill. Having not received a response from Lombardo, who was no longer represented by counsel, on January 7, 2005, the Court ordered him to respond to the Plaintiffs' motion. Lombardo responded on January 31, 2005, by filing a seven page handwritten letter in which he not so much disputed the Plaintiffs' motion for attorney's fees as recounted the custody battles over his son with his estranged wife, Connie. He also submitted miscellaneous financial and court documents, and a newspaper clipping featuring the Plaintiffs cutting a ribbon to a new Urgent Care Center owned by Stephen Myron. With these documents, Lombardo submitted additional handwritten remarks which contrast his destitution with the Plaintiffs' financial successes. Lombardo insists that the Plaintiffs have destroyed him financially, that they have suffered no financial losses as a result of his wrongdoing, and that they deserve no payment of their attorney's fees.

After considering the Plaintiffs' motion and Lombardo's response, the Court ordered the Plaintiffs to clarify whether Lombardo was being asked to pay for their litigation not only against him, but also against Forbes and his law firm, against which the Plaintiffs did not prevail. On April 29, 2005, the Plaintiffs filed a brief, explaining that the fee bill they submitted on October 25 related to the claims against Lombardo only, and not to the other defendants.

## DISCUSSION

**A.  Appropriateness of Attorney's Fees**

Federal law allows persons, such as the Plaintiffs, whose telephone conversations have been

2

illegally intercepted to recover "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(a) & (b). Accordingly, the Court must decide whether the fee bill from the Plaintiffs' attorney, David Gunter, constitutes a reasonable fee, and whether any adjustments to the fee must be made.

**B.  Plaintiff's Petition for an Award of Attorney's Fees**

The Plaintiffs want Lombardo to pay for Mr. Gunter's 326 hours spent on this case at $200 an hour, for a total of $65,510. They back up this request with Mr. Gunter's time sheets and his affidavit attesting to the necessity of the time spent and the reasonableness of the charges.

As noted above, Lombardo does not directly challenge either the time entries or the affidavit, but argues that the Plaintiffs have not suffered any financial losses and, thus, should pay their attorney's bill themselves. However, he does voice his concerns that the Plaintiffs may be requesting payment for the time Mr. Gunter spent on the case against Forbes and his law firm.

The award of the attorney's fees is entrusted to the court's sound discretion. *Mercer v. Espy*, 883 F. Supp. 300, 302 (N.D. Ind. 1995). "The party requesting fees has the burden of substantiating the reasonableness of the hours expended and the hourly rate." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993) (citing *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir.1992)). The starting point for calculating a reasonable attorney's fee is the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). The Court will begin with determining the reasonable hourly rate for Mr. Gunter.

**(1) *Reasonable Hourly Rate***

"The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work." *McNabola*, 10 F.3d at 518 (citation omitted). But an attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate. *See Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("Our recent cases have stressed that the best measure of the cost of an attorney's time is what that attorney could earn from paying clients."). Mr. Gunter states in his affidavit that, from the inception of this case in 1999, he agreed to represent the Plaintiffs at an hourly billing rate of $200 per hour, which was his usual rate for litigating in federal court at that time. However, he agreed to seek attorney's fees before seeking payment from the Plaintiffs. He further stated that, during his twenty-four years in practice, his clients regularly paid him for his hourly charges that ranged between $175 and $225.

Presumptively, then, the $200 an hour rate, which the Plaintiffs request, is reasonable. Lombardo has not submitted anything to rebut this presumption; nor does the Court have any reason to believe otherwise, especially since the charges are consistent with the market rates in the area where this Court is located.

**(2)  *Reasonable Number of Hours***

Next, the Court must determine whether the Plaintiffs are requesting compensation for the reasonable number of hours Mr. Gunter spent on this case. The Plaintiffs bear the burden of substantiating the reasonableness of the hours sought. *See Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 908 (N.D. Ind. 1998). "Counsel . . . should . . . exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . .  Hours that are not properly billed to one's

client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Plaintiffs argue that Lombardo should pay for the 326.55 hours their attorney spent on this case. Again, Lombardo has no specific objections; he only contends that Mr. Gunter may have included in his fee bill the charges associated with the other defendants.

The Court believes that Mr. Gunter submitted in his fee bill a reasonable number of hours, with two exceptions: the time related to the Plaintiffs motion to reconsider the Court's findings of fact and law after the bench trial; and two duplicate time entries on July 20, 2001, and November 6, 2001.

The Plaintiffs have been prosecuting this case since March 11, 1999. The case involved novel issues of law and has been complicated by Lombardo's invocation of his rights under the Fifth Amendment to the United States Constitution and by his claim to attorney-client privilege. Furthermore, the case required considerable efforts from the Plaintiffs to adjudicate the issue whether Forbes, who represented Lombardo during the child custody proceedings and who was sued together with Lombardo, was able to represent him. Finally, the case required regular monitoring of Indiana and federal laws to determine whether any new authority emerged to support the Plaintiffs' claims. These factors justify the many hours Mr. Gunter spent prosecuting the Plaintiffs' case.

However, the Plaintiffs may not recover attorney's fees for any time Mr. Gunter spent on their motion to reconsider the Court's factual and legal findings after the bench trial. After hearing their case, the Court determined that Lombardo was liable under 18 U.S.C. § 2511(a) but not under 18 U.S.C. § 2511(c) & (d). The Plaintiffs unsuccessfully moved the Court to change its findings, and

5

Mr. Gunter spent 20.8 hours related to the motion. The Plaintiffs should not request Lombardo to compensate them for a failed post-trial attempt to once more convince the Court that their position was legitimate. Accordingly, the Court will subtract 20.8 hours from the attorney's fees sought by the Plaintiff. *Cf. Charles v. Daley*, 846 F.2d 1057, 1076 (7th Cir. 1988) ("The standard of service to be rendered and compensated . . . is not one of perfection . . . ; rather 'a litigant is entitled to attorney's fees . . . for an effective and completely competitive representation but not one of supererogation.'") (citing *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 953–54 (1st Cir.1984)).

The Court will also subtract 1.7 hours for duplicative time entries on July 20, 2001, and November 6, 2001. Thus the court subtracts the total of 22.5 hours.

**(2)** *Lodestar Adjustment*

Determining the lodestar dose not end the inquiry: "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 (1983). Because the Plaintiffs did not succeed on their § 2511(c) & (d) claims, the Court must determine whether any adjustments to the lodestar are necessary.

The Plaintiffs sued Lombardo under § 2511(a) for illegal interception of their telephone conversations and under § 2511(c) & (d) for disclosure and use of those conversations. At the conclusion of trial, they argued that Lombardo should pay them $90,000 in statutory damages and $50,000 in punitive damages. According to them, the bulk of the damages derived from his alleged violations of § 2511(c) & (d). Yet, the Court awarded the Plaintiffs $10,000 each, for Lombardo's

6

violation of § 2511(a). The Court believes that this limited success and the disparity in the amounts requested and amount awarded mandates that the Plaintiff's award of attorney's fees be reduced. *See Hensley*, 461 U.S. at 436 (Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). As the Seventh Circuit observed, "*Hensley* permits the court to award fees for losing arguments in support of prevailing claims, but not for losing claims." *Pressley v. Haeger*, 977 F.2d 295, 298 (7th Cir. 1992).

Yet, the lodestar adjustment need not be as significant as may appear necessary. The disparity in the award requested and the award granted does not tell the whole story. Both the § 2511(a) and the § 2511(c) & (d) claims were closely related and often could be argued hand in hand. In fact, the success of § 2511(c) & (d) claims depended on the success of § 2511(a) claim and shared some common facts with it. Moreover, by prevailing under § 2511(a), the Plaintiffs vindicated their rights to privacy and established the illegality of Lombardo's actions in tape-recording them. Therefore, the Court finds that the Plaintiffs can recover attorney's fees for 90% of the overall time Mr. Gunter reasonably spent prosecuting this case.[2] *See Hensley*, 461 U.S. at 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). The Court is satisfied that 273.65 hours (90% of 326.55 – 22.5) represent adequate time for which the Plaintiffs may get compensation. Accordingly, Lombardo is obligated to pay the Plaintiffs $54,730 for their attorney's fees (273.65

---

[2] In cases where a reduction in hours is warranted, the Court has an option to either "identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The Court necessarily has discretion in making this equitable judgment." *Hensley* at 436–37 (1983). The Court is unable to determine from Mr. Gunter's bill the time spent specifically on the § 2511(c) & (d) claims. Therefore, it chose the second method, by awarding the Plaintiffs their attorney's fees for a proportion that correlates to their success in prosecuting Lombardo.

7

hours x $200 an hour). *Cf. Hensley*, 461 U.S. at 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.").

## CONCLUSION

For the reasons stated above, the Court AWARDS the Plaintiffs, Connie Myron and Stephen R. Myron, $54,730 for their attorney's fees to be paid by Defendant, John F. Lombardo. The Court also ORDERS the Clerk to enter Final Judgment in this case.

SO ORDERED on June 20, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT